Mr. Ballinger Yes, your honor Thank you your honor may it please the court My name is Scott Ballinger I'm the director of the appellate litigation clinic at the University of Virginia School of Law and it's my pleasure to introduce Ms. Jahan McCullough and Ms. Nina Oat who will be presenting argument for Mr. Dean Ms. McCullough will handle the opening argument and Ms. Oat will handle the rebuttal. All right, thank you Welcome Cavaliers Ms. McCullough Thank you your honors and may it please the court my name is Jahan McCullough representing the appellant We have two separate uses of force against Mr. Dean a reasonable jury could infer a legal retaliatory motive in both in the first Incident regarding the excessive use of the pepper spray the district court simply misunderstood the body positions of Mr. Dean and officer Gibson at the time of the force the district court's order assumes that Mr Dean was handcuffed in front of his body with his legs tucked up and the officer was pushing on his legs The actual facts are that Mr. Dean was on the floor and handcuffed behind his back and officer Gibson was kneeling on Mr Dean's chest a reasonable jury could conclude that he was clearly restrained at that point in the second incident Officers restrained Mr. Dean by pushing him against the wall 13 officers were there and they were all capable of controlling the situation After Mr. Dean was restrained officer Jones decided to shout get him in there and the officers then shoved Mr. Dean into a broom closet where there was no camera they proceeded to beat the living daylights out of him for at least a minute while repeatedly shouting you done messed up a Reasonable trier of fact could infer retaliatory intent from that alone Your honors we urge you to watch the video which shows the area outside of the broom closet Officers were not in danger of losing control of Mr Dean before he got thrown into the closet and the ones who stayed outside of the closet remained calm when Dean was inside the closet and Officer Jones's statements are clear and direct evidence of his state of mind The summary judgment standard requires the district court to resolve all material disputes of fact Can I just ask a question about the statements that were made or allegedly made by officer Jones Is it your position that that direct evidence would be enough by itself? To or could be enough by itself to show the forbidden motive under the Eighth Amendment What if the Whitley factors came out the other way but you have the statements then what do you do Yes Your honor the statements alone provide that direct evidence However, we need to consider those statements with the context. So yes, that is a component of the direct evidence however Based on the context and what we can also see and gather A jury can infer the officers were retaliating against. Mr. Dean So we do need to look at the totality of the circumstance Yes, I just I want to ask you a just a follow-up about how the Whitley factors and the direct evidence Interact. So what if you had a case where it was clear under Whitley that a reasonable officer could use force? Say it's one prisoner not in handcuffs one officer The prisoner lunges at the officer and so the officer uses pepper spray But while he's using the pepper spray, he says I'm not scared of you Buddy, but you disrespected me and now you have to pay the price So under the Whitley factors Objectively speaking a reasonable officer maybe could use force to control the situation But when we look at the direct evidence What the officer is saying he's saying he did it for a retaliatory purpose. How does that case come out? Your Honor that hypothetical in regards to using the pepper spray and while making statements We need to look at The context as well in regards to de minimis force or more than de minimis force I'm sorry Assume he punched him or used a taser Let's take out the question of whether it satisfies the objective prong. It does satisfy the objective prong I'm just trying to get at why do you need the Whitley factors if you have direct evidence? The Whitley factor your honor the Whitley factors will help us with circumstantial evidence But we do need the Whitley factors if we have direct evidence, so we need to look at both the direct evidence and and Circumstantial both together and the alternative it is the alternative under Brooks I'd also like to turn our attention to other statements In person or um This court found summary judgment improper because the inmate statements to officers were so inflammatory that the jury couldn't for the officers were Retaliating here. It is actually the officer making the inflammatory statements that provide a direct window into his retaliatory frame of mind So there we can see that direct evidence Through the state of mind of officer Jones in his retaliatory state of mind Also in most previous cases Boone versus Stallings I co Grayson verse peed the court recognized the inmate was Restrained once the officers got him into handcuffs and in our case, mr Dean was handcuffed behind his back the entire time before both incidents Plus in the first incident who was pinned to the floor with an officer kneeling on his chest In the second incident, he was surrounded by 13 offers in Man, where there was the question about whether the inmate was restrained Even though in man the inmate was especially violent this course Court reversed summary judgment there because a jury could find that the officers continue to apply force After man was restrained In Addition the district court improperly relied on the officers testimony Officers inconsistencies have never provided a reliable account of the closet incident For example, the witness statements have six different explanations some said mr. Dean fell in with the officers Some said mr. Dean was placed on the ground by the officers some said mr. Dean fell by himself Officer Jones said in his affidavit that mr. Dean hit the right side of his face on a protruding shelf However, the majority of mr. Dean's injuries were on the left side of his face These Inconsistencies make summary judgment improper and the district court should have made credibility should not have made credibility Determinations on these facts it is up for a jury to decide So are we in agreement here that we are essentially talking about the subjective prong on this case here and As I understand your argument, it seems to be your focus Is that the district court just didn't look at the use the right standard? It did not look at the evidence in a light most favorable in this instance and that presents a problem as At least in terms of whether a reasonable jury could differ and you would get around as summary judgment at this stage If an issue of fact is created, is that essentially where you're going with this? I hear much better now. Mr. Belanger. I believe you all hear me Yes, I'm sorry, I'm sorry your honor if you could repeat the question My question really goes to just look at whether we're talking about the subjective prong or the objective one and it appears to me if we focus on force with with the Subjective one, which is the objective one, which is what the Supreme Court has directed us to do pepper spray gets around that And maybe even a use of force in it of itself gets around the objective one So the focus here is on this objective one in the district courts treatment of it If I'm understanding your argument your main point is that the district court did not view this evidence in the right light in in the light favorable to the defendant here so as to preclude entry of summary judgment because there's an issue of fact issues of fact for the judge for the court to consider Yes Yes, your honor Yes, that's exactly right So in my point in doing it is then it would seem to me the specific thing to do would be to point out those particular facts that you think the district court Did not correctly view properly here that creates the issue of fact If that's so then this this is a pretty simple inquiry Yes Yes, your honor, okay Yes, yes your honor There are a great deal of facts For example Weinstein was restrained in the first instance and the second incident. He was no longer resisting and And in the first incident, although we don't have video footage to review that but in the second incident we can see that the officers Were not feeling a sense of urgency or threat after he was restrained up against the wall Then they decided to throw mr. Dean into the closet however, the district court did not consider They misunderstood the facts of the positioning of mr. Dean and the officer when he was pinned to the ground so these are examples of where the district court missed and They also did not consider Jones's statement Which is direct evidence into the retaliatory state of mind The the statement of you done messed up and the order to Quote get him in there In regards to the the broom closet and and pushing Dean into the broom closet Can I ask you a question about the clearly established prong which the district court didn't rely on but the officers are arguing now So I take it that you are sort of more or less conceding that at the moment of the headbutts You know some force could have been used to restrain Mr. Dean So what is the what is the case most clearly on point that says? that It's you can't use force against an inmate who did present some kind of a physical threat But no longer does because now he's restrained what's the case most directly on point for that? Your honor I would point to man here the man case is a great example a very violent inmate in that case and the facts show that But the officers continue to use force after man was restrained and Yes, is man a published case or unpublished Man is unpublished your honor. I do what's the closest authority in a published authority? Because I think for clearly established purposes we look at published cases I Brooks and I co your honor Okay, okay Your honor you you mentioned clearly established law In this case there are clearly established laws in this this circuit man as I mentioned although unpublished Thompson And In Thompson the officers were already on notice It clearly established that excessive use of force beyond the restraint of an inmate is Illegal and unaccepted Did your honor do you have any other questions, I'm happy to answer any any further questions that you may have So Okay, thank you your honors and I will reserve the rest of the time for my colleague, thank you Can you hear me your honor Yes Okay, good afternoon. Your honors in this particular case as evident by the argument today and the brief by the plaintiff their Arguments challenging the district courts order are flawed in a couple of ways And the first way that it's flawed is that you've got kind of asking this court to look at these as two Completely separate incidents they they happen two minutes apart one informs the other And they simply were not separate incidents so from the time yes, yes, yes your honor counsel I'm just I'm surprised to hear you make that argument The the I would have thought you would be arguing Whatever might have happened on his account when they pushed him into a closet with no camera and beat him for a minute While making statements Indicating retaliatory intent put that to one side when you look at the first one, which seems much more reasonable But you want us to look at them together. I Want you to I want you. Oh, I'm sorry your honor. I may have overstated that I want you to look at them separate But the first one certainly informs the second one and I would submit that the second one informs the first one too because from the time that From the time that mr. Dean head-butted Officer Hobgood those officers did not have control of him Because he would go on and head by a second officer while they are moving him to the decontamination Station at the nurses station And the second head but yes, it followed a period in which there was no specific incident But there's no other way to view that second head But it's anything other than a signal to the officers that they never had control of him. They didn't have control of him during the escort handcuffs behind his back Officer gives it givens having previously put his knees to his chest the pepper spray But what the 13 officers two officers one of which he says was holding his wrist severely none of that What's sufficient to control being? The primary issue we face these are difficult cases I understand and it comes about because You're looking kind of what you want to do is kind of look at the totality of the circumstances here But you do have to break them up and what judge Harris was alluding to They're pushing into the closet and beating for one minute You want to tie that in to the first and say it informed that I don't know what it informed except a retaliatory Action that happens in the closet, but beyond that if we are looking at the evidence This is where it gets really difficult for a district court anybody to look at is you is on the summit judgment stage We are only looking at evidence in the light most favorable and when you go in to that mode This evidence shows not like the district court who stated that the Gibson was holding plaintiff's knees to his chest It was actually Gibson's own knee that was against Dean's chest And the district court just didn't consider that the evidence at least from Defenders perspective was he was down on With his handcuff behind his back lying on the floor with Gibson's knee and weight on the top of his chest You can't do a lot of head-butting in that kind of position At that point and then so the question really becomes you know at what point it could start out that they may have been Justified in doing what they did, but is there a point when we view little evidence in the light most favorable Where this becomes not a penological? justification, but it becomes a retaliatory of some type of other infliction of punishment and certainly the language that the district court did even Mention the graphic language that was used that you've messed up something to that effect and that you know We're going to get you sort of thing Those are that's that's evidence to to look at in a light most favorable That could lead to a conclusion that a reasonable jury could decide This was in fact beyond the penological justification. This was more retaliatory as malicious type conduct That's the issue. I think that I see in the case from the subjective prong perspective And you're talking specifically about second Incident Your honor, but I don't we didn't reach that we didn't make sure let's make sure we're talking about the same thing First isn't we talking about the pepper spray spray? Your honor with regard to they I'm sorry that I can't use it With regards to their food that I simply want to know what you call the first and second incident That's all at this point The first use of force with the pepper spray the second one was a force in the closet. Yes, your honor Okay, so I'm really talking about both I'm talking about viewing and light evidence in a light most favorable and even with the pepper spray The question is was he subdued on the floor with the knee in the chest It was his hands Behind his back at that time was that At a point at which he would be subdued because I understand it was at that point the pepper spray was put on it Is that right? That's correct. Your honor that you you do that the threat from the perspective the office that is what really says you Do yes, you take plain evidence as truth and you can prove that in his fever But when you're looking at the factors you judge those factors The Extent of the threat is judged as recently see by the staff and it was a fast-evolving situation there officer Hopson had been The point that he was knocked down and Can you hear me your honor the video now Yes Yes, and so he was He was headbutted To the point that he was knocked down. He got up and he pepper sprayed out of officer safety. It was proportional There was a need to do it and of course we disagree with the Dispute on one thing and that is he did temper it because of an issue with temperance tempering The use of force with regards to pepper spray is immediate contamination. They offered immediate contamination In fact, they were walking him there when he headbutted the second officer So under all of that under the if you look at the Whitley factors as to the pepper spray Incidents That that that there was no wanton or maliciousness there as found by the district court in the district court correctly analyzed that situation My point my question though is even with the Whitney Factors if the evidence in the light most favorable shows he has his hands handcuffed behind his back And the officer has a knee to his chest holding him down What is the need for the application of force at that point That's really where we're going but and and in the relationship in the amount of force that's being used at that point those are the factors we're looking at and It's not a question of whether we can find an interpretation that would support Okay, the Whitney factors aren't needed. The issue is whether a reasonable jury could find otherwise In other words, everything you're saying is quite reasonable. But is that the only Conclusion to reach from this or is there a jury question here that can arise from this? Well, your honor that contention that there is no jury question that this Stand that but that doesn't keep there from being one because you simply contend. There is not one There is and that's why I'm trying to get at is is could a reasonable jury decide that a man whose hands are behind his back handcuffed and Then the officer is on him with his knee to his chest In a subdued situation and didn't he even said, you know, he couldn't do anything he said he's out I'm not sure how much that weight that goes but he says it and then you got the offer of sublate basically seeing Statements that could be interpreted as though He's really he's really not happy and no one's happy about being hit buddy or his buddy being hit buddy That you've messed up now. Basically, it's almost we're going to get you Which leads to the second incident, I know but but the question is is that sufficient evidence that would that would take this to the jury? No, your honor it is not if you're looking at that you're looking at this situation From the point of that off or an officer who was head-butted when he got up. He saw this, you know, the deans of legs were still We're not restrained And that's what the officer would have thought he was it was immediately he was immediately head-butted pepper-spray So no a reasonable jury would not do that any other way That's why the district court was correct in it and finding that he had not established Excessive force playing with the boards to the pepper spray this bad Judge Harris has a question Thank you, sorry, I you can't see us anymore All right, sorry, um counsel So I have a question about this it seemed to me in reading the district courts Opinion that what the district court was saying was something like this look and in similar to what you're saying There was a moment when there was a headbutt and it was necessary to restrain or get under control This inmate and The force was used pretty close to that time, you know immediately after like there's almost a safe harbor Like once you need to use force you get a cup you get like a little buffer zone around that during which you can continue to use force Because a reasonable officer might think that was necessary and my concern is that we have said in so many cases that that is not correct that This is a second by second inquiry and that at the very moment force becomes Unnecessary even if it had been necessary until then at the very moment it becomes unnecessary You have to stop using it and I look to me like the district court was not applying that Standard that it was saying something more like, you know close enough It's all part of the same couple of minutes And if force was necessary at one point, you know, we give you a little wiggle room But that's just not where our case law is. So I'm hoping you can address that for me But well, you're right. That's not Yes, and that's not what the district court was saying. The district court was saying The way it was it was what a doctor what? Excuse me. Officer Hobgood would in his position you judge it according to Quickly and in other cases, it's judge That are facing the official and what he would have seen is immediately rose up after being head butted by the inmate and he pepper sprayed the other officer and it was Miss Bev, you said an important thing you said I like the way you framed it I want you to take your frame now answer your question You said he was head, but it Did when he got himself together? He saw and then you went to a pepper spray answer your question What would he have seen based on this undisputed record or at least we have to take in light of the non-moving party? Am I correct? He would have seen a person handcuffed his hands behind him on the deck with an offer of security Correctional officers knees on his chest now now go back to what you said. That's what he has seen and you're saying There's a matter of law that that that that raises a question the fact in terms of that he could then walk over to what he saw and Spray him for about three minutes three seconds Indirectly in his eyes. Is that your position? No, no your honor, it's not my position that that recitation That I'm sorry your honor That recitation you gave is from what we are looking at here in the calm of a remote argument It's not he would it's not in the calm. You say that you framed it Well, you said what he would have seen you didn't say what would he have thought what he saw was a man? Handcuffed with his hands behind behind him and another man with his knees on his chest and You say that that that's he's justified in going over to what that scene is and Spraying him in the eyes for three seconds Correct. Yes. Yes, your honor. Yes, that is correct. Your honor. I mean Indian for what it's worth. Mr Dean's legs were still free He was completely justified Counsel can I stop you there? What do you mean by his legs were free because as Judge Wynn was saying this is a place where the district court actually Misunderstood the record and what the officer would have seen so he's got one officer kneeling on his chest while he's lying on his back What are his legs free to do? I don't understand like I suppose he could beat his feet on the ground But that's all he can do with his legs It's not what the district court thought which was that the officer was leaning on his legs to push his legs down If that were true, then conceivably I suppose he could have kicked out with his legs at the officer But if the officer is kneeling on his chest His legs are behind that officer. What's I don't even understand what the legs could do Why is that even relevant that his legs are free? Well, I mean he could he could kick Officer Hodgood His legs bend backwards. How could he possibly kick him if he is leaning on if the officer? Where is officer Hodgood standing under his feet? We don't we don't obviously that's impossible, but we don't have any evidence from Mr. Dean about that at all But from from officer Hodgood's perspective perspective he had just been Headbutted he didn't use any sort of physical force along with this pepper spraying of the eyes There's no case in this in this Orchids case law that that Defendant has cited all those cases about the pepper spray are completely Distinguishable from the situation that Happened in this case. There are cases where the inmate had not Done a violent act almost immediately before the the pepper spray There's clearly no longer a threat in those cases. There's and there's greater use use of chemical agents and there's refusal to decontaminate for hours afterwards and here we have he's offered immediate Decontamination the only reason that he wasn't contaminated was by his own actions in headbutting the second officer Counsel, can I ask you about the about the alleged statements by officer Jones? I just want to make sure I understand your position on these statements Is it your position that unless a claimant can show malice? Indirectly under the Whitley factors, you can't look at the direct evidence coming out of the officer's mouth No, your honor. That's that's not my position at all. You can look at direct evidence. I would just say these these were not statements are direct as a direct evidence in Situations where you have internal processes like where there's something malicious or sadistic there it's rare that you're going to have direct evidence and To have these statements that I just don't see that these the nature of the statements here the way that they they are they are not direct evidence of Retaliation you can certainly they're nowhere near what was what was said in that unpublished case in Man, and even though it's unpublished and those are not within the universe clearly established law for Immunity purposes you can compare those statements there to the ones here, which were arguably Clearly retaliatory. I'm going to beat you like your mother should have threatening to beat the inmate Ass excuse my language and man is just a completely distinguishable from the present case Well, I also wanted to just make a quick point about words the defendant Excuse me claimant relies upon cases about words coming from the inmate and uses of force that Follow words from the inmate those are completely different situations Because that was those were the case of Oram. I believe in the unpublished opinion in Sawyer that was cited by defendants in those particular cases When you have force in response to word they manifest that there's like a manifest situation manifesting those circumstances That we look at and that we say shows malice and retaliation Counsel let me just I just want to make sure I understand I do understand It's important. I want to make sure I understand what you're saying so yes and officers statements can be relevant evidence In your view though the district court did not err by just ignoring these statements because no Reasonable jury could infer from these statements a retaliatory motive. Is that your position? Yeah, not even a jury question, okay? Yeah, and it like I said it's a different situation when you have for service thought to language from an inmate There's manifest you think manifest Disproportionality you have manifest you have an immediate question of whether there is need for that And you don't have the same thing you have when you have statements from the officer so those particular cases Do not inform the situation. Your position is that Statements from the prisoner are more probative of what the officer is thinking than statements from the officer That's your position Not know your honor my position is there It's a different situation because in those particular in this particular circumstances. They manifest those Excuse me circumstance. They that particular situation manifests those circumstances that shot like automatically show Retaliation they're just for the responses when it's the use of force In response to vulgar language, that's just your your mind automatically goes to that's disproportionate that wasn't needed whereas when you have statements you're going to want to look at the totality of the circumstances, I mean the Plaintiff has admitted that you Counsel let me just ask you the same hypothetical then that I asked your colleague Is it your position that if you look at the circumstances under Whitley and it seems as though a reasonable officer could have applied force for a permissible reason But in applying the force this officer says out loud. I'm doing this in a retaliatory way I am doing this because I am angry at you How does that case come out? I? Statement saying I'm retaliating against you that's similar to the man case where you had the officer saying I'm going to beat your Ass and I'm I'm gonna beat you like your mother should have that's a different situation So you don't have to look at all of the circumstances then it's just you can go to the jury on the statement if the statement Seeks a retaliatory motive Yes, yes, your honor, I mean the one the statements that you you proposed in the hypothetical are directly I mean they said I'm retaliating But That's not what we have here. That's more similar. That's more. That's more like what they had in the man If I could ask what my time is I can't see the clock This bed your time is expired, but I'm going to give you five minutes, okay, thank you your honor And with regard to the second use of force in the fall That's negative evidence from the video was that this was a very short period of time After the headbutt to taking him to the wall to in the closet was maybe generous What if I second? Again, this was a fast-evolving Situation he had not been called Previously by there being 13 officers around him being handcuffed So it physical force was needed. There's no other way to look at that Then say that it was needed and any Movement that he would have made under these circumstances where he had voted one off for when it went for a period and didn't have Any incident and then headed but it another and headbutted another offer movement on his part would have been seen as Some sort of additional resistance by these officers I think I think man also offers the good offers a good comparison on that point, too Because in man you had two uses of force where the officers were given very very clear indication that the Defendant was the subdued in one instance the July 27th to 28th use of force in man and Officer interposed himself between man and the defendant in that case and said He's subdued Yet she continued to hit him as he is being carried down the hallway in another instance in man the August 23rd use of force you had man saying I'm done I'm done and I'm down those kind of things. He also had affidavits from other prisoners saying Similar things so so here any Movement that he had been would he that he had made would have been seen as continued Resistance under the circumstances that existed in this case and here plaintiffs note that he was taken to the wall and and that he was restrained by four officers and and so the Movement in the closet was unnecessary. So these officers had to move him. They couldn't just stay right there He was not in the confines of his cell. They had to per policy have him Decontaminated so the movement into the isolated space of the closet and the physical force used there Was not excessive as found by the district court with regards to unqualified immunity the sentence obviously understand that the cases that are looked at do not have to be materially Different they do not have to be exactly like the case that we have here to do that. But plaintiff has not bought forward as Judge Harris indicated any cases that are exactly like what we have in this case and understanding what the Fourth Circuit has said about Eighth Amendment excessive force challenges and Qualified immunity there the US Supreme Court and really neither this court has since there there is not it there could not be some room between finding a violation and and qualified immunity and offered as a As a letter of additional authority that case from the Fifth Circuit Which is currently pending at the US Supreme Court on a petition where the court said well where you have You have done the willy-faggots and you have inferred malice from them, but less than all of them if less than all of them favor the plaintiff that is not an obvious violation and therefore the Officer was entitled to qualified immunity. So it just gives an example of there may be Example when there is or could be some room between finding the violation and qualified immunity And if there are no other questions, I'd ask that you affirm the district court's order Thank you, Miss Baird. Thank you May I please the court. My name is Nina Oh for the appellant I'd like to touch on a couple of things The first is that there is no Illogical reason for shoving an inmate into a closet where there's no camera Counsel did not provide an explanation for this for shoving him into the closet where there was no cameras The record does not show that the guards provided any explanation for doing this other than retaliatory intent And it's difficult to think of a situation in which that would theoretically exist It's a it's a space where there are shelves and they keep boxes and it's for storage and they don't have a camera there and So clearly there is no Purpose the prison did not intend for this to be something that the prison guards could do with that with any legitimate pedagogical reason The same applies and the same applies to the pepper spray. It's impossible to think of a specific Reason that is not about retaliation to directly spray and practically empty the can into someone's eyes when the Inmate is down on the floor lying on his back with his hands handcuffed behind him Without these reasons. It's it's it's hard to imagine a situation where we could infer retaliatory intent And so under the Whitley factors on that issue Summary judgment is clearly precluded The second issue I'd like to talk about is judge Harris's discussion about the distinction between direct evidence and indirect evidence and the role that the Whitley factors play in This kind of analysis. So first of all, what someone says a statement that someone makes is the closest thing to direct evidence Of someone's state of mind that we can get so contrary to what the government states What the officer's statements are the officer's statements are actually more valuable as direct evidence than the statements from the inmates and this court has held that summary judgment is Inappropriate when we have statements from the plaintiffs that indicate the state of mind of the officer So this isn't even this isn't even lower bar to clear and we have clear indication from the statements that officer Jones made Get him in there You done messed up while saying at the same while hitting him at the same time and Brooks Brooks is clear regarding the distinction and the role that this kind of evidence plays Brooks is clear that both direct evidence and indirect evidence Play a role, but the Whitley factors are not exclusive. There are alternative ways of reaching inferences that The summary judgment is inappropriate because looked when we look at the the facts Most favorable to Dean which is required by the summary judgment standard we get in our case We get there both ways, but you can get there either way, which is very clear from this court in Brooks so in this case, we have the direct evidence of the statements we have the you've done messed up and the Get him in their statements Those are the direct evidence those lead to an inference or could lead to an inference that a jury should be determining That question and the intent behind it in addition we also have the The kind of in circumstantial evidence that is used in the Whitley analysis, so While both are not Necessarily required in this case because we have both it's an even stronger reason for why summary judgment is not appropriate in this case and finally, the last thing I'd like to touch on is So You talk about that These emphases of dramas would give rise to factual question, but this needs about hypotheticals There's no counterfactuals at all. It really is the facts from this from is undisputed here that your client this incident incident Correct. Yes Apologize your honor the first the first Yes They run together. You can see this incident pot a pot, but he provoked it right, correct? Yes All right. And then what you have is someone I think counsel was bad was saying he was head, but it and then he sort of comes to I mean You know what? I mean when I say the race just time, right? The thing I apologize your honor, would you mind repeating that you know what it means by the race just I know I'm lost I'm 40 some years. We have to speak Latin a little bit, but you know, it's the it's the thing happening The race just died the thing kind of happened Well in that part of the race just out of the provocation in your head, but if you kind of you know You see stars as most people, you know, your head shakes and you come up and that and this person is dangerous Right, even even with subdued. He's dangerous Correct. Yes. All right. All right. So then he Does something with a non-lethal force he uses pepper? Pepper spray that's it's not lethal. It's a you know, you you wash your eyes out Nobody wants to be pepper spray, but certainly in terms in the range of things He didn't he didn't beat him or hit him with a stick or kick him Pepper spray and then after that your clients Head butted again. So even under the pepper spray You might say there's evidence that it may have been de minimis because he was able to without decontamination Rev it up again to provoke another incident, correct? Your honor I think there are a couple of points in there that I would like to respond to but is that correct? Is that correct? He promote? Yes Yes, and then with 13 officers around him and he did that Yes All right. Now you said his statement saying you have effed up now. It was probably correct. He did didn't Yes All right. And the other thing is that we need to get him into this room, right? Get him in there. I believe is the same way get him in there, right? Yes Why couldn't the prison officials say what we need that we don't want anybody around to see this is just incites potentially more problems Let's isolate him. Why is that not just isolation getting him into the room? Regarding the isolation issue. I I I think that brings us back to maybe the purpose of the janitor's closet There's just there's no Penological reason for using a closet that has shelves and tools and boxes and no camera in it to carry out some legitimate Use of you know prison guard Pretty regarding your other question about whether or not you know that Whether or not it is true that he he messed up that is absolutely possible that you know that one could say he messed up He did mess up. He had but in an officer But it's about the intent of the officer while making the statement and the fact that he was also harmed that he was also Kicking him and beating him while he was saying these statements that matters in the context of The way he was saying these things the things he was doing while he was saying them and the fact that he was not resisting at the time Changes that those statements play into it. It is also In your best case that he was in the closet but going in the closet may have a Penological reason but the point is a minute later when he came out he had been pulverized and bloody So therefore that might that would that be the factual question as to what happened? Whether it was in a logical or whether the way he was resisting whether he was on the floor We don't know in that the problem then in that the real factual question Your honor. I see my time is expired. May I have a leave to answer your question? Certainly in that in that the factual question that can't be resolved just Qualified immunity or just that's a fact question, right? It is a fact question, but it's a fact question that has to go to the jury and that's exactly the issue that we have here Regarding I mean, that's what I'm saying You may be overstating your case in the sense that you're putting on more things you have to in the sense Because some of those things well cases it is but that's the you know This would be a hard case if it stopped right there and you never went in the closet wouldn't it be a harder case It would be a harder case your honor, but he did go in the closet Absolutely. Yeah. Yeah, that's that and that's the fact special. We don't we don't know what happened We do know the consequences of what happened when he came out. He was bloodied and clearly beat Exactly and for those foregoing reasons we ask this court to reverse. Thank you. All right. Thank you so much Mr. Bollinger Professor thank you so much and your court opponent and on behalf of the Fourth Circuit We thank you so much for that and more important. Thank you so much for bringing these wonderful students from the University of Virginia Will acquit it themselves very well as cavaliers today and we thank him so much and obviously miss Beverly Thank you so much for your you're very able representation as well Thank you. We appreciate the opportunity and we wish we could come down But know that the sentiment is felt and we appreciate your arguments. Thank you so much I'll ask the clerks to adjourn the court for today This on the court stands adjourned got the United States and it's honorable court
judges: Roger L. Gregory, James A. Wynn Jr., Pamela A. Harris